2011 UT App 357

STATE of Utah, Plaintiff and Appellee,

v.

Ronald Keith LOYO, Defendant
and Appellant.

No. 20100635–CA.

Court of Appeals of Utah.

Oct. 27, 2011.

Margaret P. Lindsay, Provo, for Appellant.

Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Ronald Keith Loyo appeals the sentence on convictions following pleas of no contest to unlawful control of a motor vehicle, a class A misdemeanor, and theft, a class B misdemeanor. He was sentenced to 365 days and 180 days in jail, respectively. The district court suspended all but fifteen days of the jail sentences and gave Loyo credit for the fifteen days he had served in the Utah County Jail. The court placed Loyo on twelve months probation and ordered him to pay restitution in the amount of $200 and a fine of $740, plus a security fee of $66. Loyo does not challenge the restitution award. However, he claims that the district court erred by ordering him to pay a fine and fee in addition to restitution because he suffered from financial hardship. Loyo asserts that although the district court did not exceed statutory or constitutional limits in ordering him to pay the fine and fee, the court abused its discretion by failing to consider all legally relevant factors. He also argues that under the specific circumstances of this case, the fine and fee were inherently unfair. The State asserts that the record plainly demonstrates that the district court considered Loyo's circumstances, ordering him to pay $806 over a period of twelve months, and that this order was not an abuse of discretion.

¶ 2 "In general, a trial court's sentencing decision will not be overturned unless it exceeds statutory or constitutional limits, the judge failed to consider all legally relevant factors, or the actions of the judge were so inherently unfair as to constitute an abuse of discretion." *State v. Killpack*, 2008 UT 49, ¶ 59, 191 P.3d 17. Furthermore, "a sentence imposed by the trial court should be overturned only when it is inherently unfair or clearly excessive." *State v. Boyd*, 2001 UT 30, ¶ 31, 25 P.3d 985.

¶ 3 Loyo argues that the district court abused its discretion by failing to consider all legally relevant factors, including that Loyo had secured employment shortly before his sentencing and that he was responsible for the care of his disabled mother. The district court considered these facts at sentencing, but stated that even with Loyo's financial constraints, the court deemed a fine of $740 to be fair, considering that the maximum fine would have been $2500. The court stated that Loyo was receiving a "significant break on what [the court] could order for this case"

and was also given a twelve-month period in which to pay the fine. The district court fully considered Loyo's circumstances, as well as the need for fairness and uniformity in sentencing offenders. The sentence was not inherently unfair or clearly excessive and did not constitute an abuse of discretion.

¶4 Affirmed.